## JOHN A. DALZELL v. JOHN FAHSE.[1]

April 13, 1923.

No. 23,357.

**Notice of mortgage foreclosure by advertisement sufficient in stating amount claimed.**

A notice of mortgage foreclosure sale by advertisement *held* to state the amount claimed to be due at the date of the notice as required by the statute.

Action in the district court for Renville county to set aside a mortgage foreclosure by advertisement. The case was tried before Daly, J., who made findings and as conclusions found that the mortgage foreclosure sale complied with the statute and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Bert O. Loe*, for appellant.

*L. J. Lauerman*, for respondent.

DIBELL, J.

Action to set aside a mortgage foreclosure sale by advertisement. There was judgment for the defendant and the plaintiff appeals.

There is no settled case. The only question is upon the sufficiency of the notice of foreclosure sale in respect of the statements of the amount claimed to be due. The plaintiff is the owner unless the foreclosure has divested his title.

The mortgage was dated March 1, 1920, and was for $16,080. Default was made in the coupon which became due on March 1, 1921. On April 2, 1921, the mortgagee elected to declare the whole amount secured by the mortgage due. The record does not show whether the mortgage gave the mortgagee the right to accelerate the maturity of the principal at his election upon default in the payment of interest. Notice of sale was published, commencing April 2, 1921, was

[1] Reported in 193 N. W. 162.

served upon the then owners in possession, and the sale was made on May 20, 1921.

The statute, G. S. 1913, § 8112, requires the notice to specify: (1) The name of the mortgagor and mortgagee and the assignee, if any; (2) the date of the mortgage, and when and where recorded; (3) "the amount claimed to be due thereon, and taxes, if any, paid by the mortgagee at the date of the notice;" (4) a description of the mortgaged premises; and (5) the time and place of sale.

The mortgagee used a common form of notice, more lengthy than need be, stating the existence of some of the conditions essential to a foreclosure and some of the rights attendant thereon, but not necessary of specification in the notice because not required by he statute. The notice stated relative to the amount due as follows:

"Default has been made in the payment of interest which is claimed to be due and is due at the date of this notice upon a certain mortgage for $16,080," etc.

Then followed, along with some unnecessary recitals, the names of the mortgagors and the mortgagee, the date and place of record of the mortgage, a description of the property mortgaged, and notice of the time and place of sale. Coupled with the notice of the time and place was the statement that the sale would be made

"to pay said debt of $16,080.00 and interest thereon at the rate of six per cent per annum from March 1st, 1920, together with interest on $964.80 of said overdue interest from March 1st, 1921, together with the additional sum of $200.00 attorney's fees," etc.

These are the only references to the amount claimed to be due at the date of the notice. The procedure provided by the statute for the divestiture of title by foreclosure must be substantially followed. The notice must state the five things which the statute makes essential, and it need not state others. The legislature has chosen to require these five statements to be made and the party foreclosing must observe them, if he wishes to foreclose by advertisement, because the legislature has fixed the terms upon which he may foreclose. The court is of the opinion, the writer not agreeing, that the two quoted portions of the notice state with sufficient definiteness

the amount due on the mortgage at the date of the notice and that the notice fulfils the requirements of the statute.

Judgment affirmed.